## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **QUINTON BEASLEY, #B-69081,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-895-GPM** |
| | ) | |
| **RANDY STEPHENS, LEE RYKER,** | ) | |
| **PRISONER REVIEW BOARD,** | ) | |
| **ADMINISTRATIVE REVIEW BOARD,** | ) | |
| **and ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Quinton Beasley, an inmate in Hill Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that

occurred while Plaintiff was housed at Lawrence Correctional Center. Plaintiff is serving a two

year sentence for possession of fictitious identification. This case is now before the Court for a

preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from
> > such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a government official, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States." *Heyde v. Pittenger,* 633 F.3d 512, 516 (7th Cir. 2011). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

**Introduction**

Plaintiff's original complaint (Doc. 1) was filed against Defendants Stephens and Ryker on November 9, 2010. On February 3, 2011, Plaintiff was given leave to file his First Amended Complaint (Doc. 11), which added Defendants Prisoner Review Board, Administrative Review Board of the Illinois Department of Corrections, and the Illinois Department of Corrections. An

amended complaint supersedes and replaces the original complaint, rendering the original

complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir.

2004). Therefore, the First Amended Complaint (Doc. 11) is properly before the Court for

preliminary review.

However, since filing the First Amended Complaint, Plaintiff has submitted a letter,

construed as a Motion for Leave to File Amended Complaint (Doc. 13, filed Feb. 16, 2011), and

another Motion for Leave to File Amended Complaint (Doc. 22, filed April 18, 2011), which are

still pending. Along with Doc. 13, Plaintiff included a proposed (second) amended complaint

and a supplemental complaint, neither of which include the allegations contained in the First

Amended Complaint, but instead seek to add new parties and claims in a piecemeal fashion.

Likewise, in the body of Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 22),

he names additional parties and new claims, but does not include a proposed (third) amended

complaint that incorporates either the allegations contained in the First Amended Complaint or

the proposed (second) amended complaint.

Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading

once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to

which a responsive pleading is required, 21 days after service of a responsive pleading[.]"

However, in this District, "[a] proposed amendment to a pleading or amended pleading itself

must be submitted at the time the motion to amend is filed." Local Rule 15.1. Furthermore, the

Court will not accept piecemeal amendments to the original complaint. Plaintiff was specifically

advised of this requirement in the Clerk's letters at Doc. 19 (letter dated March 24, 2011) and

Doc. 21 (April 11, 2011), which both contained the warning, "In order to avoid confusion over

intended claims and defendants, the Court will not accept piecemeal amendments to the original complaint."

Plaintiff's First Amended Complaint conformed to the requirements of Rule 15 and Local Rule 15.1, but his subsequent attempts at amendment and supplementation have resulted in a hodgepodge of piecemeal pleadings which the Court is not required or inclined to sort out. *See Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."); *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts).

In addition, the Court notes that Plaintiff recently filed a new action still awaiting preliminary review, *Beasley v. Taylor, et. al,* Civil No. 11-459-JPG (S.D. Ill., filed May 31, 2011), in which he raises retaliation claims against several of the defendants mentioned in his most recent Motion for Leave to Amend (Doc. 22).

For the reasons stated above, Plaintiff's Motions for Leave to File Amended Complaint (Docs. 13 and 22) shall be denied, and only the allegations contained in the First Amended Complaint will be considered herein.

**The Complaint**

In his First Amended Complaint (Doc. 11), Plaintiff alleges that the "Prisoner/ Administrative Review Board allowed its Parole Board to violate me for a faulty violation" (Doc. 11, p. 4). As a result, Plaintiff contends, during his incarceration in Lawrence Correctional

Center, he was classified at a higher risk security level. This higher risk level has exposed

Plaintiff to higher risk inmates "who can cause great bodily harm to the Plaintiff."

**Discussion**

Plaintiff takes issue with his security risk classification at Lawrence Correctional Center,

which he appears to attribute to an earlier improper parole violation that occurred prior to his

current incarceration. However, disagreement with the prison's classification of an inmate, or

with a designated placement within the institution, does not state a constitutional claim.

"[P]risoners possess neither liberty nor property [interest] in their classifications and prison

assignments. States may move their charges to any prison in the system." *DeTomaso v.*

*McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)).

*See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee

placement in a particular prison).[1]  Because a State is free to move a prisoner to any institution

in its system, it follows that an inmate may be moved to any location within a single prison,

without any violation of his constitutional rights.

Plaintiff's underlying assertion that Defendant Prisoner Review Board, Defendant

Administrative Review Board, and the "parole board" charged him with a "faulty" parole

violation, is not a claim that may be brought in federal court. Plaintiff sues the Administrative

Review Board for "allow[ing]" the parole board to illegitimately charge him with a parole

violation. Plaintiff has not named any individual member of the parole board or Administrative

---

[1] The caveat to this rule – involving transfer or assignment to a prison where the conditions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" – does not apply here, where the transfer decision does not involve Tamms Correctional Center, the closed maximum security prison (i.e., supermax prison) in Illinois. *See Westefer v. Snyder*, Civil No. 00-162-GPM (S.D. Ill. decided July 20, 2010) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)).

Review Board who might be liable for the allegedly improper parole charge, and even if he had done so, he would likely still fail to state a federal claim as "parole board members are absolutely immune from suit for their decision to grant, deny, or revoke parole." *Walrath v. United States,* 35 F.3d 277, 281 (7th Cir. 1994). Plaintiff's claim against the Administrative Review Board (and the "parole board" over which the Administrative Review Board allegedly presided), and the Prisoner Review Board, as entities, fails–as arms of the state, they are immune from suit under the Eleventh Amendment. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001). To the extent that the Boards act as "quasi-judicial adjudicatory bodies" in their assessment of parole violations, Defendants are further immunized from this suit. *Heyde,* 633 F.3d at 517.

Plaintiff's allegation that his placement has exposed him to the risk of assault by other inmates does not state a claim upon which relief may be granted. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir.

1996).  Plaintiff's complaint does not include any allegation that he suffered any actual attack or

harm at the hands of another inmate, much less that he received any specific threat of harm or

alerted prison officials to any such threat.  A vague, general fear of harm that is not based on a

specific threat is not enough to state a cause of action for deliberate indifference or failure to

protect.

Finally, Plaintiff has failed to include any allegations in his First Amended Complaint

against Defendants Randy Stephens or Lee Ryker.  It is not enough to simply include a

defendant's name in the caption or among the list of enumerated defendants.  Plaintiffs are

required to associate specific defendants with specific claims, so these defendants are put on

notice of the claims brought against them and so they can properly answer the complaint.  *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Where a plaintiff has not included a defendant

in his statement of the claim, the defendant cannot be said to be adequately put on notice of

which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking

the name of a potential defendant is not sufficient to state a claim against that individual.  *Collins*

*v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant

by including the defendant's name in the caption.").  Although Plaintiff did include allegations

(similar to those outlined above) against Defendants Stephens and Ryker in his original

complaint, those allegations cannot be considered here because the original complaint has been

superseded and rendered void by the filing of the First Amended Complaint.  *See Flannery v.*

*Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004); *see also Massey v.*

*Helman,* 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the

new complaint supersedes all previous complaints and controls the case from that point

forward…a plaintiff's new complaint wipes away prior pleadings") *and Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1204 (7th Cir. 1998) ("It is well-established that an amended pleading supersedes the original pleading; facts not incorporated into the amended pleading are considered *functus officio.*").

As noted above, Plaintiff cannot maintain his suit against state entities, including the Defendant Illinois Department of Corrections. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn,* 251 F.3d at 592 (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dept. of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Defendants Prisoner Review Board and Administrative Review Board (which is a division of the Illinois Department of Corrections), being state agencies, are likewise not "persons" within the meaning of the Civil Rights Act and are not subject to a § 1983 suit. *See Toledo, Peoria, & W.R. Co. v. Illinois*, 744 F.2d 1296, 1298-99 (7th Cir. 1984).

Because Plaintiff has failed to state any constitutional claim upon which relief may be granted, this case must be dismissed.

**Pending Motions**

As noted above, Plaintiff's Motions for Leave to File Amended Complaint (Docs. 13 and 22) fail to conform with Federal Rule of Civil Procedure 15 and Local Rule 15.1, and are **DENIED**.

Plaintiff also filed a letter that was construed as a Motion for Preliminary Injunction (Doc. 14) on February 16, 2011, seeking to be removed from Lawrence Correctional Center. Plaintiff notified this Court on May 31, 2011, that he has been moved to Hill Correctional Center, therefore the Motion for Preliminary Injunction (Doc. 14) is **DENIED AS MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that the First Amended Complaint fails to state any claim upon which relief may be granted. This case is thus **DISMISSED with prejudice**.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** 7/7/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge